# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**DANIEL RUSSELL GRAIBER,**

               **Plaintiff,**

**v.**                                           **Case No:   6:19-cv-8-Orl-41LRH**

**COMMISSIONER OF SOCIAL
SECURITY,**

               **Defendant.**

_____

## REPORT AND RECOMMENDATION

Daniel Russell Graiber ("Claimant") appeals the final decision of the Commissioner of Social Security ("the Commissioner") denying his applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") payments.  Claimant raises two arguments challenging the Commissioner's final decision, and, based on those arguments, requests that the matter be reversed and remanded for further administrative proceedings.  Doc. No. 18, at 10, 15, 25.  The Commissioner asserts that the decision of the Administrative Law Judge ("ALJ") is supported by substantial evidence and should be affirmed.  *Id*. at 25.  It is **RESPECTFULLY RECOMMENDED** that the Court **AFFIRM** the final decision of the Commissioner.

## I.    PROCEDURAL HISTORY.

On October 18, 2012, Claimant filed applications for DIB and SSI benefits, alleging that he became disabled on August 6, 2010.  R. 68.  Claimant subsequently amended those applications to remove his allegations of a continuing period of disability and substitute allegations that he suffered from a closed period of disability—July 26, 2012 through July 31, 2013.  *Id.*  On November 25, 2014, the ALJ issued a favorable decision finding Claimant disabled for the closed

period of disability—July 26, 2012 through July 31, 2013.   R. 68–81.[1]

On July 28, 2015, Claimant filed new applications for DIB and SSI benefits, alleging a disability onset date of November 26, 2014.   R. 252–58, 278.   His claims were denied initially and on reconsideration, and he requested a hearing before an ALJ.   R. 129–31, 135–44, 146–48.   A hearing was held before the ALJ on January 3, 2018, at which Claimant was represented by an attorney.   R. 32–63.   Claimant and a vocational expert ("VE") testified at the hearing.   *Id.*

After the hearing, the ALJ issued an unfavorable decision finding that Claimant was not disabled.   R. 15–25.   Claimant sought review of the ALJ's decision by the Appeals Council.   R. 247–48.   On November 2, 2018, the Appeals Council denied the request for review.   R. 1–8.   Claimant now seeks review of the final decision of the Commissioner by this Court.   Doc. No. 1.

## II.   FACTUAL BACKGROUND.[2]

### A.   Hearing Before the ALJ.

At the beginning of the hearing, the ALJ asked Claimant's counsel whether counsel and Claimant had the opportunity to review the file, to which counsel responded affirmatively.   R. 34. Counsel for Claimant stated that there were no objections to the documents contained in the exhibit file.   R. 35.   Counsel for Claimant thereafter raised the issue of Claimant's prior closed period of disability.   R. 37–39.   Counsel argued "that these conditions still persist past '14.   We still have them in '16 and '17, so it is our contention that he is still disabled, and should be found disabled at this point."   R. 38–39.

---

[1] "In a 'closed period' case, the decision maker determines that a new applicant for disability benefits was disabled for a finite period of time which started and stopped prior to the date of his decision."   *Pickett v. Bowen*, 833 F.2d 288, 289 n.1 (11th Cir. 1987).

[2] Upon a review of the record, the undersigned finds that counsel for the parties have adequately stated the pertinent facts of record in the Joint Memorandum.   Doc. No. 18.   Accordingly, I adopt those facts included in the body of the Joint Memorandum by reference and only restate them herein as relevant to considering the issues raised by Claimant.

At the time of the hearing, Claimant was forty-two years old.   R. 39.   He completed high school; he obtained both an associate's and bachelor's degree in college.   R. 40–41.   Claimant testified that he was not currently employed, but that he had engaged in some work after the alleged disability onset date.   R. 41.   He testified that in 2017, he worked in security at Walt Disney World. *Id.*   Claimant testified that he was "let go" because he could not "meet the demands of their hours, and even under light duty restrictions, [he] couldn't accommodate their requests."   *Id.*   He worked approximately 30 hours per week.   *Id.*   Claimant later acknowledged that he had a disciplinary history during his employment.   R. 53–54.   In 2014, Claimant worked fulltime doing counter sales at O'Reilly; he also did minimal stocking.   R. 42.   Claimant also has prior experience working full time performing services related to internet, phone, and television.   R. 43.   His prior work experience also included custom closet and closet organizer installation, as well as construction and running a remodeling business.   R. 43–45.

Claimant testified that he would currently be prevented from performing even sedentary work because he cannot sit for long periods of time – sitting for prolonged periods causes spasms in his back and makes it "lock up."   R. 46.   He takes medication for the muscle spasms and for pain.   R. 47.   The medications impair his ability to drive.   *Id.*   Claimant stated that he sees a doctor for pain management, and that he also regularly visits emergency rooms due to his back.   R. 56.   He also has received nerve facet injections.   R. 55.   Claimant uses ice and heat on his back every day.   R. 57.

During the hearing, the ALJ posed the following hypothetical question to the VE:

> [P]lease assume a hypothetical individual of claimant's age, education, and those past jobs that you've just described.   Further, assume the individual is limited to a sedentary exertional level.   No climbing ladders and scaffolds.   Occasional climbing ramps and stairs.   Occasional stooping, kneeling, crouching, and crawling. No work at unprotected heights.   No operating a motor vehicle.   No exposure to

extreme temperatures.   Based on that hypothetical, I assume the individual could not perform any of the past jobs.   Is that correct?

R. 61.   The VE confirmed that such individual could not perform any of Claimant's past relevant work.   *Id.*   However, the VE testified that there were other jobs in the national economy at the sedentary level that the person could perform, such as addresser, call out operator, or charge account clerk.   R. 61–62.   Nonetheless, if the individual could only sit or stand for 20 minutes at a time, sit for less than 2 hours in an 8-hour period, must walk every 15-minutes, required a sit/stand/walk at will option, could rarely lift more than 10 pounds per day, and would miss more than 4 days of work per month, the VE confirmed that there were no jobs in the national economy that the person could perform.   R. 62.   The VE further confirmed that missing 4 days of work per month would preclude any job in the national economy.   R. 62–63.

B.   The ALJ's Decision.

After considering the entire record, the ALJ performed the five-step evaluation process as set forth in 20 C.F.R. § 404.1520(a).   R. 15–25.[3]   The ALJ found that Claimant met the insured status requirements of the Social Security Act through March 31, 2019.   R. 17.   The ALJ concluded that Claimant had not engaged in substantial gainful activity from the alleged disability onset date, November 26, 2014.   *Id.*[4]   The ALJ found that Claimant suffered from the following

---

[3] An individual claiming Social Security disability benefits must prove that he or she is disabled. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)).   The five steps in a disability determination include: (1) whether the claimant is performing substantial, gainful activity; (2) whether the claimant's impairments are severe; (3) whether the severe impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) whether the claimant can return to his or her past relevant work; and (5) based on the claimant's age, education, and work experience, whether he or she could perform other work that exists in the national economy. *See generally Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004) (citing 20 C.F.R. § 404.1520).

[4] The ALJ noted that Claimant engaged in considerable work activity after the alleged disability onset date; however, the ALJ gave Claimant "the benefit of the doubt" that Claimant had not engaged in substantial gainful activity during that period.   R. 17–18.

severe impairments: degenerative disc disease of the lumbar spine; a history of laminectomy, decompression, and fusion procedures; degenerative joint disease of the right knee; and a left ankle tendon injury. R. 18. The ALJ concluded that Claimant did not have an impairment or combination of impairments that met or equaled a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. R. 19.

After careful consideration of the entire record, the ALJ found that Claimant had the residual functional capacity ("RFC") to perform sedentary work as defined in the Social Security regulations,[5] with the following limitations:

> [H]e can occasionally climb ramps and stairs; he can never climb ladders and scaffolds; he can occasionally stoop, kneel, crouch, and crawl; he can never work at unprotected heights; he can never operate a motor vehicle; he cannot exposure [sic] to extreme heat or cold.

R. 19. The ALJ concluded that Claimant was unable to perform any past relevant work, which included work as a merchandise deliverer, parts salesperson, cable television installer, construction worker I, house repairer, or automobile mechanic. R. 23. However, considering Claimant's age, education, work experience, and RFC, as well as the testimony of the VE, the ALJ concluded that there were other jobs existing in significant numbers in the national economy that Claimant could perform, including addresser, call out operator, and charge account clerk. R. 24. Accordingly, the ALJ concluded that Claimant was not disabled. R. 25.

---

[5] The Social Security Regulations define sedentary work to include:

> lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. § 404.1567(a).

III.    **STANDARD OF REVIEW.**

Claimant having exhausted his administrative remedies, the Court has jurisdiction to review the decision of the Commissioner pursuant to 42 U.S.C. § 405(g), as adopted by reference in 42 U.S.C. § 1383(c)(3).  The scope of the Court's review is limited to determining whether the Commissioner applied the correct legal standards and whether the Commissioner's findings of fact are supported by substantial evidence.  *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011).  The Commissioner's findings of fact are conclusive if they are supported by substantial evidence, 42 U.S.C. § 405(g), which is defined as "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997).

The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the Commissioner's decision, when determining whether the decision is supported by substantial evidence.  *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).  The Court may not reweigh evidence or substitute its judgment for that of the Commissioner, and, even if the evidence preponderates against the Commissioner's decision, the reviewing court must affirm if the decision is supported by substantial evidence.  *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

IV.    **ANALYSIS.**

In the joint memorandum, which I have reviewed, Claimant raises two assignments of error: (1) the ALJ erred in failing to develop the record by obtaining and considering evidence relevant to the prior favorable finding of a closed period of disability; (2) the ALJ erred in finding that Claimant's subjective complaints of pain were not entirely credible.  Doc. No. 18, at 10, 15.  I will address these contentions in turn.

A.    The ALJ's Duty to Develop the Record.

"[T]he claimant bears the burden of proving that he is disabled, and, consequently, he is responsible for producing evidence in support of his claim." *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003) (citations omitted).   Nonetheless, the ALJ has a basic duty to develop a full and fair record. *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997) (per curiam) (citing *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981)).[6]   The Social Security regulations provide that the Commissioner will develop a claimant's medical history for at least 12 months preceding the month in which a disability application is filed. *Ellison,* 355 F.3d at 1276 (citing 20 C.F.R. § 416.912(d)); *see also* 20 C.F.R. § 416.912(b)(1) ("[W]e will develop your complete medical history for at least the 12 months preceding the month in which you file your application unless there is a reason to believe that development of an earlier period is necessary or unless you say that your disability began less than 12 months before you filed your application.").   Before the court will remand a case for further development of the record, however, there must be a showing that the ALJ's failure to develop the record led to evidentiary gaps that resulted in unfairness or clear prejudice. *Graham*, 129 F.3d at 1423 (citing *Brown v. Shalala*, 44 F.3d 931, 934-35 (11th Cir. 1995)).[7]

---

[6] The basic duty to develop the record rises to a "special duty" where the claimant is not represented during the administrative proceedings. *Brown v. Shalala*, 44 F.3d 931, 934-35 (11th Cir. 1995).   Here, however, Claimant was represented by counsel during the administrative proceedings. *See* R. 34.

[7] In the joint memorandum, the Commissioner correctly argues that because this is not a cessation case, and the current applications are separate and apart from the prior closed period of disability, the "medical improvement" standard does not apply. *See* 20 C.F.R. § 404.1594.   The Commissioner is also correct that the Court's review does not include review of the prior closed period of disability determination, as it appears that Claimant did not appeal from the prior ALJ's decision. *See generally Sims v. Apfel*, 530 U.S. 103, 107 (2000) (citations omitted) ("If a claimant fails to request review from the Council, there is no final decision and, as a result, no judicial review in most cases.").

Claimant contends that the prior determination regarding his closed period of disability is "highly relevant" to his current applications because he is again alleging that his back impairment is disabling.   Doc. No. 18, at 10.   He claims that the ALJ's reference to the prior disability determination; counsel's reference to the closed period of disability at the hearing before the ALJ; and the results of several MRIs contained in the current record, which date prior to the current application for disability benefits, demonstrate that evidence utilized in the prior disability determination could support his current claim of disability.   *Id.* at 11.   Claimant argues that the ALJ erred because, despite this evidence, the ALJ did not obtain other (unspecified) evidence of Claimant's disability or account for prior evidence in the decision.   *Id.*[8]

Notably, the previous ALJ's decision regarding the prior closed period of disability is in the current record.   R. 68–81.   In that decision, the previous ALJ found that as of July 31, 2013, Claimant had regained the RFC to perform a full range of sedentary work.   R. 77.   From the transcript of the hearing in this matter, it is apparent that the current ALJ reviewed that prior decision.   *See* R. 37–38.   The current ALJ also noted in the decision that Claimant had a prior favorable disability determination.   R. 20.

Thus, Claimant is not arguing that the ALJ failed to consider that he was previously found disabled under the Social Security Act.   Instead, Claimant is arguing that the ALJ should have obtained and/or considered additional evidence underlying that prior disability determination.   Doc. No. 18, at 10–11.   However, in the joint memorandum, Claimant does not explain why he himself

---

[8] The only authority Claimant cites in support of his arguments is factually distinguishable from the present case.   In *Mimms v. Heckler*, 750 F.2d 180, 185 (2d Cir. 1984), the court found that "[t]he existence of a prior established disability is highly relevant when the nature of that disability appears to be the very same cause of the alleged disability then under examination."   However, the issue arose in the context of a claimant who was not represented by counsel in the proceedings before the ALJ, and the court concluded that the ALJ's heightened duty to develop the record in such instance was applicable.   *Id.*   Here, Claimant was represented by counsel at the administrative level.

did not develop the record regarding the prior closed period of disability in the current case, or why

he did not introduce evidence regarding such disabling limitations to support his current claim.

Claimant also does not specify what records the ALJ failed to obtain that were considered in relation

to his prior application that resulted in the favorable decision regarding the closed period of

disability.   Moreover, Claimant does not state how such evidence would have resulted in a different

decision in this case.   "[T]he ALJ's duty to develop the record does not relieve the Plaintiff of his

burden of proving that he is disabled, and consequently, the Plaintiff is still responsible for

producing evidence in support of his claim."   *Cosby v. Astrue*, No. 2:11-cv-264-FtM-SPC, 2012

WL 717860, at *10 (M.D. Fla. Mar. 6, 2012) (citing *Ellison*, 355 F.3d at 1276).   Without

demonstrating how the ALJ's failure to procure such unspecified evidence related to Claimant's

prior closed period of disability resulted in "evidentiary gaps in the record which have resulted in

prejudice," Claimant has not shown that the ALJ's decision should be disturbed.   *See Graham*, 129

F.3d at 1423.

   For these reasons, I find Claimant's first assignment of error unpersuasive.

   B. Claimant's Subjective Complaints of Pain.

   A claimant may establish disability through his own testimony of pain or other subjective

symptoms.   *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005).   A claimant seeking to

establish disability through his or her own testimony must show:

> (1) evidence of an underlying medical condition; and (2) either (a) objective medical
> evidence confirming the severity of the alleged pain; or (b) that the objectively
> determined medical condition can reasonably be expected to give rise to the claimed
> pain.

*Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002).   "If the ALJ decides not to credit a

claimant's testimony as to her pain, he must articulate explicit and adequate reasons for doing so."

*Foote*, 67 F.3d at 1561–62.   The Court will not disturb a clearly articulated credibility finding that

is supported by substantial evidence.   *Id*. at 1562.

If the ALJ determines that the claimant has a medically determinable impairment that could reasonably produce the claimant's alleged pain or other symptoms, the ALJ must then evaluate the extent to which the intensity and persistence of those symptoms limit the claimant's ability to work. 20 C.F.R. § 404.1529(c)(1).   In doing so, the ALJ considers a variety of evidence, including, but not limited to, the claimant's history, the medical signs and laboratory findings, the claimant's statements, medical source opinions, and other evidence of how the pain affects the claimant's daily activities and ability to work.   *Id*. § 404.1529(c)(1)–(3).     Factors relevant to the ALJ's consideration regarding a claimant's allegations of pain include: (1) daily activities; (2) the location, duration, frequency, and intensity of pain and other symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of medication; (5) treatment, other than medication, the claimant receives for pain; (6) measures used for pain relief; and (7) other factors pertaining to functional limitations and restrictions to pain.   *Id.* § 404.1529(c)(3)(i)–(vii).

Here, the ALJ relied on several reasons for finding that Claimant's statements regarding the intensity, persistence, and limiting effects of his alleged symptoms were not entirely consistent with the record, each of which are contemplated under the applicable regulations.   Those considerations included: (1) unremarkable findings in the objective evidence of record; (2) Claimant's activities of daily living; (3) Claimant's course of treatment and use of prescription medications (and the lack of evidence that Claimant did not receive significant relief from medications); and (4) Claimant's considerable work history.   R. 20–23.

Claimant contends that the ALJ's considerations were not based on the correct legal standards or supported by substantial evidence.   Doc. No. 18, at 16.   First, Claimant contends that

- 10 -

the activities of daily living cited by the ALJ do not support the ALJ's determination because they are not relevant to his ability to work 8 hours per day, 5 days per week.   *Id.*

In the decision, the ALJ stated:

The undersigned has also considered the claimant's activities of daily living.   The claimant testified that he has a license and is able to drive.   He testified that he drives his children to school and picks them up.   He stated that he and his son are building a plastic model car together and that the engine took him three days to put together. He indicated he would do more things with his children if he had the money. Despite the allegation of lack of funds, it is noted that the claimant has money for cigarillos; he smokes approximately seven to ten per day; he previously smoked two packs of cigarettes per day.   The claimant's wife noted that he helps their children with homework.   She noted he shops on a computer.   This level of activity is inconsistent with the claimant's allegation of disability.

R. 23 (citations omitted).      Claimant is correct that participation in activities of daily living does not necessarily preclude a finding of disability.   *See Lewis*, 125 F.3d at 1441.   Nonetheless, Claimant has not explained how any of the specific activities of daily living listed by the ALJ "are inconsistent with the RFC and/or consistent with his alleged disabling symptoms."   *See Bliven v. Comm'r of Soc. Sec.*, No. 6:13-cv-1150-Orl-18TBS, 2014 WL 4674201, at *9 (M.D. Fla. Sept. 18, 2014).   In addition, the ALJ did not solely consider Claimant's activities of daily living in reaching the credibility determination.   *See id.* (citation omitted) ("*Lewis* does not stand for the notion that an ALJ must never consider a claimant's daily activities, or that an ALJ's consideration of such activities warrants remand.   The ALJ is meant to consider a claimant's daily activities in combination with other factors, as stated in 20 CFR § 404.1529(c).").   Accordingly, I find no error in the ALJ's consideration of Claimant's activities of daily living as one factor in her consideration regarding Claimant's credibility.

Second, Claimant argues that regarding his course of treatment and prescription medications, the ALJ cited this basis for rejecting his testimony but failed to consider that despite taking medication, Claimant still had to undergo multiple facet injections for his pain.   Doc. No. 18, at 17.

Accordingly, Claimant contends that undergoing these injections would "lead[] one to believe that [Claimant's] pain medications were not relieving his pain symptoms." *Id.* In this regard, the ALJ stated:

> The undersigned has considered the claimant's course of medical treatment and use of prescription medication. The claimant indicated in his testimony that he does not require a back brace, despite his allegation of a disabling back condition. He noted he only required a brace for five days following surgery. The record indicates that the claimant has been prescribed medication appropriate for his established impairments. However, the record does not suggest that he fails to receive significant relief of symptoms with the use of medication . . . .

R. 23. Again, the effectiveness of medication is a consideration explicitly contemplated under the Social Security Regulations. 20 C.F.R. § 404.1529(c)(3)(iv). Claimant's allegation that the ALJ erred in failing to also consider that he underwent facet injections is unpersuasive. Claimant does not explain how the ALJ's credibility determination was rendered erroneous by such an alleged omission. Moreover, I note that the ALJ gave substantial weight to Claimant's treating physician, Dr. Vijay Katukuri, M.D., who ordered such injections. R. 22. The ALJ specifically cited to Dr. Katukuri's treatment records in the decision. *Id.* (citing Exhibit B7F). Thus, although not specifically articulated in relation to the credibility finding, Claimant has not established that the ALJ failed to consider this evidence in the decision.

Third, Claimant contends that the ALJ erred in relying on his work history, and in specifically concluding that Claimant provided contradictory statements regarding why he was dismissed from his last job. Doc. No. 18, at 17. The ALJ stated:

> The undersigned has also considered the claimant's work history. As discussed earlier, the claimant has engaged in considerable work activity since the date he alleges he became disabled. This evidence contradicts the claimant's statements that he is unable to work. The point is also reiterated that the claimant made contradictory statements in his testimony with respect to the circumstances of his dismissal from this job, first claiming he was physically unable to perform the work, but then altering his statement and indicating he had raised his voice in a discussion with his supervisor.

R. 23.   Again, Claimant's work history subsequent to the alleged disability onset date is a proper consideration for the ALJ.  *See, e.g.*, *McEachron v. Colvin*, No. 8:15-cv-1263-T-JRK, 2016 WL 4751714, at *6 (M.D. Fla. Sept. 13, 2016) ("[T]he ALJ appropriately considered Plaintiff's part-time waitressing work in assessing Plaintiff's RFC and in finding her capable of performing other work in the national economy."); *O'Donnell v. Colvin*, No. 8:13-cv-2958-T-33TGW, 2015 WL 328244, at *6 (M.D. Fla. Jan. 23, 2015) ("The law judge could reasonably conclude that the plaintiff's part-time job supports a conclusion that the plaintiff could engage in light work."). Claimant contends that the transcript of the hearing does not support the ALJ's finding that he made contradictory statements regarding his dismissal from his employment.  However, the transcript does support such a finding because although Claimant first stated he was discharged due to his inability to comply with the physical mandates of the job, he later acknowledged that he had been disciplined during his tenure and that management had problems with his attitude.[9]

Finally, I note that Claimant takes no issue with the ALJ's consideration of the unremarkable findings in the objective evidence of record to support her conclusion; nor does he argue that the

---

[9] During the hearing before the ALJ, Claimant acknowledged that he had been written up twice during his tenure at Walt Disney World, and that he had a problem with a park guest.  R. 53.  The following exchanged occurred with Plaintiff's counsel:

> Attorney: So safe to say that it was not only the physical demands why they let you go?
>
> Claimant: It was the physical demands.  They were trying to get me to work more hours, calling it mandated hours, and I was getting the mandate, and nobody else was.
>
> Attorney: And the truth of the matter is that they also had problems with your attitude?
>
> Claimant: The one manager, yes.

R. 53–54.

ALJ erred in the weight afforded to treating and non-treating sources or third parties.   Accordingly, I find that Claimant has waived any challenge to these findings.   *Cf. Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004) (refusing to consider an argument that the claimant failed to raise before the district court).   I also note that the ALJ credited Claimant's subjective complaints, in part.   The ALJ specifically articulated in the decision that the RFC determination restricting Claimant to sedentary work was based in part on Claimant's subjective complaints of knee and back pain.   R. 20.

In sum, "[a] clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed by a reviewing court."   *Foote*, 67 F.3d at 1562; *see also Hill v. Comm'r of Soc. Sec.*, No. 2:14-cv-708-FtM-CM, 2016 WL 1253579, at *7 (M.D. Fla. Mar. 31, 2016) ("[I]t is the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses." (citing *Lacina v. Comm'r, Soc. Sec. Admin.*, 606 F. App'x 520, 525 (11th Cir. 2015))).   "The question is not . . . whether the ALJ could have reasonably credited [the claimant's] testimony, but whether the ALJ was clearly wrong to discredit it."   *Werner v. Comm'r, of Soc. Sec.*, 421 F. App'x 935, 939 (11th Cir. 2011).[10]   Because the ALJ provided explicit and adequate reasons for finding Claimant's assertions regarding disabling limitations not entirely credible, Claimant's second assignment of error is not well-taken.

## V.      RECOMMENDATION.

Upon consideration of the foregoing, it is **RESPECTFULLY RECOMMENDED** that the Court **AFFIRM** the final decision of the Commissioner.   It is further **RECOMMENDED** that the Court direct the Clerk of Court to issue a judgment consistent with its Order on the Report and Recommendation and, thereafter, to close the file.

---

[10] Unpublished opinions of the Eleventh Circuit are cited as persuasive authority.   *See* 11th Cir. R. 36–2.

**<u>NOTICE TO PARTIES</u>**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.   A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on November 4, 2019.


LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE


Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy